IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DEBORAH JOHNSON, | ) | Civil No.: 3:14-cv-02020-JE |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

George J. Wall
Law Offices of George J. Wall
1336 E Burnside
Suite 130
Portland, OR 97214

    Attorney for Plaintiff

Billy J. Williams, Acting U.S. Attorney
Janice Hebert, Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204

Daphne Banay
Special Asst. U.S. Attorney
Office of the General Counsel

OPINION AND ORDER – 1

Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Deborah Johnson brings this action pursuant to 42 U.S.C. §405(g) seeking judicial review of a final decision of the decision of the Commissioner of Social Security (the Commissioner) denying her application for Disability Income Benefits (DIB) under the Social Security Act (the Act). Plaintiff seeks an Order remanding the action to the Social Security Administration (the Agency) for further proceedings.

For the reasons set out below, the Commissioner's decision is affirmed.

## Procedural Background

Plaintiff filed an application for a period of disability and for DIB on September 16, 2011, alleging she had been disabled since February 24, 2010.

After her claims were denied initially and upon reconsideration, Plaintiff timely requested an administrative hearing.

On April 12, 2013, a hearing was held before Administrative Law Judge (ALJ) Wayne Araki. Plaintiff; a lay witness; and Richard Hincks, a Vocational Expert (VE), testified at the hearing. Plaintiff was represented by counsel.

In a decision dated July 23, 2013, ALJ Araki found that Plaintiff was not disabled within the meaning of the Act.

On November 10, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. In the present action,

OPINION AND ORDER – 2

Plaintiff challenges that decision.

## Background

Plaintiff was born in 1957 and was 55 years old at the time of the hearing in front of the ALJ. She graduated from high school and had completed three years of college. She has past relevant work as a ramp agent, a sales clerk, a retail store manager, a valet supervisor, and a groundskeeper.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the

regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

<u>Step Four</u>.  The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past.  A claimant who can perform past relevant work is not disabled.  If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five.  20 C.F.R. § 404.1520(f).

<u>Step Five</u>.  The Commissioner determines whether the claimant is able to do any other work.  A claimant who cannot perform other work is disabled.  If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do.  The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled.  If the Commissioner does not meet this burden, the claimant is disabled.  20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant.  <u>Tackett</u>, 180 F.3d at 1098.  At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy.  <u>Id.</u>

## **Medical Record and Testimony**

The court has carefully reviewed the medical record and testimony and the parties are familiar with both. Accordingly, the details of that evidence will be set out below only as they are relevant to the issues before the court.

**ALJ's Decision**

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Act through June 30, 2015.

At the first step of his disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability on February 24, 2010.

At the second step, the ALJ found that Plaintiff had the following severe impairments: bilateral epicondylitis[1] status/post bilateral epicondylectomis, traumatic brain injury versus mild cognitive impairment, anxiety disorder not otherwise specified (NOS), and depressive disorder NOS.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the Listings, 20 C.F.R. Part 404, Subpart P, App. 1.

The ALJ next assessed Plaintiff's residual functional capacity. He found that Plaintiff retained the capacity

> [t]o lift and carry ten pounds frequently and twenty pounds occasionally. She can stand and/or walk for two hours at a time, for a total of six hours in an eight hour workday. She has no limitations in her ability to sit. She can remember, understand, and carry out instructions and tasks generally required by occupations with a specific vocational preparation of four or less (SVP 1-4).

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not "generally credible."

At the fourth step of his disability analysis, the ALJ found that Plaintiff could perform her past relevant work as a sales clerk and as a valet supervisor as those positions were actually

---

[1] Lateral epicondylitis, or tennis elbow, is an inflammation of the tendons that join the forearm muscles on the outside of the elbow. "Tennis Elbow (Lateral Epicondylitis)" American Academy of Orthopaedic Surgeons (available at http://orthoinfo.aaos.org/topic.cfm?topic=a00068).

OPINION AND ORDER – 5

performed by the Plaintiff and as they are generally performed in the national economy. He thus concluded that Plaintiff was not disabled within the meaning of the Act.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Claimants bear the initial burden of establishing disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process. Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

## Discussion

Plaintiff contends that the ALJ improperly rejected the opinions of her treating psychiatric mental health nurse practitioner and an examining psychologist. She also contends

OPINION AND ORDER – 6

that the ALJ's step four finding was not supported by substantial evidence because he failed to present her RFC to a VE.

## I. Evaluating Medical Opinion

The ALJ is required to consider all medical opinion evidence and is responsible for resolving conflicts and ambiguities in the medical testimony. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). In reviewing an ALJ's decision, the court does not assume the role of fact-finder, but instead determines whether the decision is supported by substantial evidence in light of the record as a whole. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).

### A. Psychiatric Mental Health Nurse Practitioner Sheryl Hedges

Ms. Hedges began treating Plaintiff in January 2012. As a nurse practitioner, Ms. Hedges is considered an "other source" under Social Security Ruling ("SSR") 06–03P. See also 20 C.F.R. §§ 404.1513(a), 416.913(a) (listing "acceptable medical sources"); 20 C.F.R. §§ 404.1513(d)(1), 416.915(d)(1) (therapists and nurse practitioners listed as "other" sources, not "acceptable" medical sources). An ALJ may discount the opinion of an "other source" by providing "germane reasons" for doing so. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

In a letter to Plaintiff's attorney dated March 27, 2013, Ms. Hedges opined that Plaintiff's diagnoses included depression, generalized anxiety disorder, panic disorder, tremor, cognitive impairment, obsessive compulsive disorder, and anger. Tr. 803. She wrote that Plaintiff frequently presented "as an anxious and tearful patient" and that her level of anxiety, combined with her other mental health conditions, "would likely impair her ability to concentrate for more than 2 to 3 hours in an 8 hour work day." Id. Ms. Hedges also opined that Plaintiff's anxiety may result in tardiness or missed work for two or more days in a month; that it would be difficult for

her to work in a team setting; and that her ability to complete tasks, follow instructions, and retain new information were impaired, possibly as a result of a head injury sustained in a 2008 bicycle accident. The ALJ gave "minimal weight" to Ms. Hedges' opinion because he found it was inconsistent with her own treatment notes and with Plaintiff's reported activities and "longitudinal psychological examination findings." Tr. 26.

Plaintiff contends that the ALJ failed to provide any valid reasons for rejecting Ms. Hedges' opinion. I disagree. The reasons provided by the ALJ are "germane" and are supported by the ALJ's discussion of the medical evidence and examples he provided of inconsistencies between Ms. Hedges' opinions and Plaintiff's testimony. The ALJ cited, as inconsistent with Ms. Hedges' opinion Plaintiff's reports that her strengths include her social aptitude, that she "likes people," and seeks out social settings, and that social interactions improve her psychological symptoms. Id. The ALJ also specifically cited Ms. Hedges' own notes that indicated Plaintiff exhibited good grooming, good eye contact, normal speech and thought process, and good conversation tracking. He also noted that Ms. Hedges' opinion was inconsistent with Plaintiff's ability to pursue work as a valet supervisor between September 2008 and February 2010 and that Ms. Hedges failed to explain how Plaintiff's psychological or cognitive functioning had worsened. Id. These reasons were germane to Ms. Hedges and were supported by substantial evidence. See, e.g., Carmickle v. Commissioner, 533 F.3d 1155, 1163–64 (9th Cir.2008) (inconsistency between claimant's activities and lay witness's statements is germane reason for discrediting the lay witness); Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir.2006)(germane reasons include inconsistencies between lay testimony and the medical record).

Plaintiff also contends that, in evaluating Ms. Hedges' opinion, the ALJ failed to apply the factors set out in SSR 06-03P. That ruling sets forth that, in evaluating opinions from "other

medical sources," factors that the ALJ should consider include: 1) how long the source has known and how frequently the source has seen the individual; 2) how consistent the opinion is with other evidence; 3) the degree to which the source presents relevant evidence to support an opinion; 4) how well the source explains the opinion; 5) whether the source has a specialty or area of expertise related to the individual's impairment(s); and 5) any other factors that tend to support or refute the opinion. SSR 06-03P.

Plaintiff contends that the ALJ ignored evidence that conflicted with his findings. She argues that "a great deal of record evidence corroborates PMHNP Hedges' opinion" and points to the lay witness statements provided by her friends Victoria Waldrup and Lisa Pickert and the conclusions of Vocational Rehabilitation Counselor Lori Mashek. Pl. Brief at 8.

After a thorough review of the record and the ALJ's decision, I am satisfied that the ALJ considered the factors set forth above and that his conclusions were based on substantial evidence. The ALJ explicitly noted that he considered opinion evidence in accordance with the requirements of SSR 06-03P and, in his evaluation of Ms. Hedges' opinion, he specifically referenced the medical evidence he had discussed at length earlier in his decision. Furthermore, the record evidence cited to by Plaintiff in support of her contentions fails to demonstrate the level of disability she alleges. See, e.g. Tr. 610-611, 680-681, 583.

The ALJ also discussed at length the evidence submitted by the lay witnesses. He gave little weight to the statements provided by Pickert and Mashek and only some weight to that of Waldrep.  Notably, Plaintiff does not challenge the ALJ's evaluation of these lay witness statements.  Because the ALJ's interpretation was rational and supported by substantial evidence in the record as a whole, it shall not be disturbed. See e.g., Molina, 674 F.3d at 1111 (ALJ's findings must be upheld if they are supported by reasonable inferences drawn from the record).

Accordingly, I conclude that the ALJ complied with the requirements of SSR 06-03P and provided germane reasons, supported by substantial evidence, for discounting Ms. Hedges' opinion.

**B. Examining Psychologist Karen Bates-Smith, Ph.D., P.C.**

On May 28, at the request of the Agency, Dr. Bates-Smith conducted a neuropsychological evaluation of Plaintiff. Tr. 808-825. Dr. Bates-Smith then completed a medical source statement in which she opined that Plaintiff had mild restrictions in her ability to understand, remember and carry out complex instructions, and in her ability to make judgments on complex work-related decisions. She opined that Plaintiff had no restrictions in her ability to understand, remember and carry out simple instructions or in her ability to make judgments on simple work-related decisions. Tr. 805. She noted that Plaintiff's "memory scores fall in the borderline range, but functioning (poker, Yahtzee) is better than that." Id. In her evaluation she remarked that Plaintiff was "capable of understanding and remembering at least simple, routine instructions." Tr. 813.

The ALJ gave Dr. Bates-Smith's opinion "significant weight" and wrote that he incorporated her opinion regarding Plaintiff's cognitive function with "the evidence of record by finding that the claimant had no limitation in her social functioning, and that she can remember, understand, and carry out instructions and tasks generally required by occupations with a specific vocational preparation of four or less (SVP1-4)." Tr. 26.

Plaintiff contends that although the ALJ purported to accept Dr. Bates-Smith's opinion, he failed to incorporate a limitation to simple routine tasks and instead found that Plaintiff was capable of performing semi-skilled work with an SVP of 4 and at least a Reasoning Level of 3. Plaintiff argues that because the ALJ, in fact, rejected Dr. Bates-Smith's opinion and failed to

provide any legitimate reasons to reject it, he committed harmful error and the doctor's opinion should be credited as a matter of law.

Plaintiff asserts that Dr. Bates-Smith opined that she "could perform simple and routine tasks." Pl. Brief at 9. According to Plaintiff, the doctor "did not opine that Plaintiff could perform complex instructions, and, in fact, she opined that Plaintiff had mild limitations in performing complex tasks." Id. She contends that the jobs identified by the ALJ at Step Four required at least a Reasoning Level of 3, which exceed the limitation to simple, routine work assessed by Dr. Bates-Smith.

Plaintiff is correct that the Ninth Circuit recently found that there is an apparent conflict between the residual functional capacity to perform "simple, repetitive tasks and the demands of Level 3 Reasoning." Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015). However, Plaintiff's argument that Zavalin applies here is unpersuasive. Dr. Bates-Smith indicated that Plaintiff had only "mild" restrictions in her ability to understand, remember, and carry out complex instructions. Tr. 805. "Mild" restrictions are defined as having "a slight limitation in this area, but the individual can generally function well." Tr. 805. Furthermore, Dr. Bates-Smith opined that Plaintiff was "capable of understanding and remembering *at least* simple, routine instructions." Tr. 813(emphasis added). Thus, the doctor set simple, routine work as the floor and not the ceiling of Plaintiff's ability. Furthermore, the ALJ's RFC included only a limitation to remembering, understanding, and carrying out instructions and tasks "generally required by occupations with a specific vocational preparation of four or less (SVP 1-4)." Tr. 18. Accordingly, there was no apparent conflict between Plaintiff's RFC and the reasoning levels of the work identified by the ALJ at step 4. After a thorough review of the full context of Dr. Bates-Smith's opinion, I am satisfied that the ALJ both properly considered and incorporated her

opinion into his RFC finding. See Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222–23 (9th Cir.2010)(ALJ's findings need only be consistent with relevant assessed limitations and not identical to them); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 691 (9th Cir.2009)(full context of a medical opinion relevant to determining if an ALJ ignored a limitation).

**II. Step Four Finding**

Plaintiff asserts that the ALJ's step four finding was not supported by substantial evidence because he improperly failed to present her RFC to a Vocational Expert. Citing Burkhart v. Bowen, 856 F2d 1335, 1341 (9th Cir. 1988), Plaintiff argues that it was error for the ALJ to find, without input from a VE, that she could return to light level work when "[i]n his RFC assessment the ALJ found that Plaintiff cannot stand and/or walk for more than two hours at a time." Pl. Brief at 10. Plaintiff's argument fails.

First, the ALJ's RFC finding with respect to Plaintiff's ability to stand and walk was that "[s]he can stand and/or walk for two hours at a time, *for a total of six hours in an eight hour workday.*" Tr. 18(emphasis added). As the Commissioner correctly notes, this finding is consistent with the Agency's definition of light work. See SSR 83-10("full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday").

Second, the ALJ decided this case at step four of the sequential evaluation process and found that Plaintiff was capable of performing her past relevant work as a sales clerk and as a valet supervisor as those positions were actually performed by the Plaintiff and as they are generally performed in the national economy. The Commissioner is correct that that the Ninth Circuit has held that VE testimony is not required at step four of the sequential evaluation process. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993) (if plaintiff cannot show the

OPINION AND ORDER – 12

inability to perform past relevant work at step four, a vocational expert's testimony, though "useful, [is] not required."); see also 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) ("We may use ... vocational experts ... to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."). The Commissioner is also correct that Plaintiff bears the burden of proving disability through step four. Here, Plaintiff failed to show that she was unable to return to her previous jobs as sales clerk and valet supervisor. Furthermore, Plaintiff's reliance on Burkhart is misplaced because, unlike in the instant case, the ALJ in Burkhart made a disability determination at step five and thus the burden of proof had already shifted to the Commissioner. See Burkhart, 856 F.2d at 1341. Plaintiff has failed to show that the ALJ's step four finding was not supported by substantial evidence.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED and this action is dismissed with prejudice.

DATED this 29th day of September, 2016.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

OPINION AND ORDER – 13